IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JAIME MENDEZ CUELLAR, PRO SE, <br> TDCJ-CID No. 854843, <br><br> Plaintiff, <br><br> v. <br><br> HARDY L. WILKERSON ET AL., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> §    2:12-CV-0058 <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff JAIME MENDEZ CUELLAR, acting pro se, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against HARDY L. WILKERSON, a Judicial Agent of Howard County; ROBERT H. MOORE, III, Howard County Judicial Officer; JOSHUA HAMBY, a Howard County Agent; NOVERT A. MORALES, Attorney at Law; STAND PARKER, Sheriff Howard County; COLLEEN BARTON, a Howard County Agent; OLIVER J. BELL, Chairman Texas Board of Criminal Justice; BRAD LIVINGSTON, Executive Director Texas Department of Criminal Justice; RICK THALER, Director Texas Department of Criminal Justice - Correctional Institutional Division; JOHN H. ADAMS, Warden William P. Clements Unit; RISSIE OWENS, Presiding Officer Texas Board of Pardon and Paroles; and GENETA K. GLENN, Mailroom Supervisor William P. Clements Unit, and has been granted permission to proceed in forma pauperis.

Plaintiff says[1] he is asserting "claims for the misapplication of law and misuse of funds, the denial of Due Process upon omission, duty of oath." He goes on to say he is "a victim of Statute Fraud, is unlawfully confined . . . [and] that bonds have been registered under account number . . ., under his name . . ., and defendants are generating money, unclaimed deferred taxes, and delinquent taxes."

By his complaint, plaintiff states he is suing under 42 U.S.C. § 1983 to challenge the State's denial of adjustment, a violation of the Eighth Amendment, "unlawful confinement," and violation of the Due Process clause. Plaintiff says he also alleges the tort of negligence by state agencies and misappropriation of funds.

Plaintiff alleges that, on March 25, 2011, he sent "letters of inquiring information about deferred taxes, delinquent taxes, pertaining to the Bonds made in this case styled The State of Texas v. Jaime Mendez Cuellar, 9812, which to [his] knowledge have not been collected since 1998. I have not received any."

Plaintiff says that, on August 5, 2011, he then requested from all the defendants "to file a 1099 OID (Original Issue Discount) upon the issue and to send [him his] tax advance return to [his] account # . . ., which they did dishonor . . . ." Plaintiff argues defendants have placed him in economic servitude and conspired with each other upon the "In Rem" under the "Implied Color of State Law"and "tacitly done" which violated his rights, 5th, 13th, and 14th Amendments.

After explaining that the United States District Courts are completely outlaw, "impersonating the true Article III, Courts ... which no longer exist anywhere and cannot be

---

[1] Page 1 of Plaintiff's Memorandum of Law in Support of his Motion for Appointment of Counsel attached to plaintiff's complaint.

2

elicited into existence by any known means," that "all so-called Judges" are "mere Executive Administrators of private for profit plunder," that the "Corporate De Facto Democracy not the De Jure Republic United States of America went into bankruptcy in 1933 creat[ing] a vacuum . . . which was filled by fictions construct of fraud that led to the Judicial System becoming the most corrupt legal system in the world without peer [sic et passim]," plaintiff argues when the people [, in this instance, the plaintiff] request the 1099-OID to be filed, an advance refund [is] return[ed] back to the source, Social Security No. . . . ."

Plaintiff says "the Court consisting of the Clerk of the Court, Prosecutor, Deputy Prosecutor, pre-trial Judge, and the defense attorney, etc., are all vulnerable to the Bonds/Bills/Indictments/judgments/etc. being generated off the credit of the accused 'the true victim' as products of statutes."

Plaintiff continues by saying "[t]he 13th Amendment provides the people are not a party to it and let it be known per any settlement in light of this claim, judgment is being sought and an ORDER for the release of the corpus/prisoner held as collateral/Bill of lading, release of all seized personal property and for the misapplication of law . . . $1.6 million per day."

In his claim for relief, plaintiff states the defendants all failed to perform for the public upon request for adjustment of the account when they dishonored plaintiff's request to file the 1099-OID Federal Tax Return so he could receive his advance tax refund electronically to his account, which he denominates by his social security number.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

### REQUEST FOR HABEAS RELIEF

Plaintiff has not expressly requested release from incarceration, but his statement that "judgment is being sought and an ORDER for the release of the corpus/prisoner held as collateral/Bill of lading," appears to indicate that is part of the relief requested in this suit.

To the extent plaintiff is requesting release, he is challenging his present confinement and is requesting relief available solely through a petition for writ of habeas corpus. Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

L.Ed.2d 439 (1973). Therefore, any request for release of the "corpus/prisoner held as collateral/Bill of lading" must be pursued through an action in habeas corpus.

**REQUEST FOR MONETARY RELIEF**

Plaintiff's theory of recovery appears to be that, by virtue of the fact that he was prosecuted in the criminal action for which he is presently serving time, a debt instrument listed on the Internal Revenue Service's OID List, such as certain corporate debt instruments, stripped coupons, and short-term U.S. Treasury Bills, to name a few, was created, for which he, himself is both the security and the owner of any interest or discount. Plaintiff appears to feel that the defendants, all of whom are part of the judicial system or the criminal justice system, are liable to him for any monies generated by this debt instrument and, by failing to file a form 1099-OID, have violated his constitutional right to Due Process and rendered his confinement a violation of the Thirteenth Amendment and the Eighth Amendment prohibition against cruel and unusual punishment.

As to the existence of any debt instrument requiring the filing of a form 1099-OID, plaintiff's allegations are vague, speculative, and conclusory. Further, if such an instrument exists, plaintiff has utterly failed to plead facts showing the failure to file a 1099-OID with the I.R.S. violated any federally protected **constitutional** right. Plaintiff's claims lack an arguable basis in law and in fact, and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28 U.S.C. sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JAIME MENDEZ CUELLAR is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

THIS DISMISSAL QUALIFIES AS A "STRIKE" UNDER THE PRISON LITIGATION REFORM ACT.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.

The Clerk shall also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ—Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 9362159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342–0629, fax: 936-437–4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three–Strikes List.

It is SO ORDERED.

Signed this the 23rd day of April, 2012.

MARY LOU ROBINSON
United States District Judge